# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**LEYZENDA MICHELLE GUNN**                                                                **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.** 1:22cv43-SA-DAS

**UNITED FURNITURE INDUSTRIES, INC.**                                 **DEFENDANT**

                                                                                  **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for violation of the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.* The following facts support the action:

1.

Plaintiff LEYZENDA MICHELLE GUNN is an adult resident citizen of 2143 Highway 32 Ext., Okolona, Mississippi 38860.

2.

Defendant UNITED FURNITURE INDUSTRIES, INC. is an Ohio corporation doing business in the State of Mississippi. Defendant may be served with process by service upon its registered agent, Douglas A. Hanby, 5380 Highway 145 South, Tupelo, Mississippi 38801. Defendant is an employer within the meaning of the ADAAA.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, and jurisdiction under the ADAAA, 42 U.S.C. § 12101, *et. seq.*

00363598.WPD

4.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

5.

Defendant employed Plaintiff for over twenty (20) years in Northeast Mississippi. At the time of her discharge, Plaintiff was a supervisor at the Nettleton facility. Plaintiff, however, performed supervisor duties at three (3) other plants when Defendant needed her to do so. When Plaintiff performed supervisor duties at the other sites, she always did them offsite.

6.

Plaintiff had had two (2) previous knee surgeries. While recovering, Defendant allowed Plaintiff to perform her duties offsite. Performing her duties offsite was a reasonable accommodation for Plaintiff's inability to walk following her surgeries.

7.

In the spring of 2020, Plaintiff suffered an injury to her right heel, which ultimately required surgery on May 20, 2020. This injury, like the previous knee surgeries, substantially affected Plaintiff's everyday life activities, including Plaintiff's ability to walk, stand, and perform any activities involving physical movement. Plaintiff was unable to put weight on her heel. There was a lengthy recovery process. The injury to the heel, like the earlier injuries to the knee, constituted "disabilities" within the meaning of the ADAAA.

8.

During Plaintiff's recovery from the disability caused by the heel injury, the plant manager, Andy Smith, assured Plaintiff that he needed Plaintiff for the job and that she would be returning to work.

9.

In November 2020, Smith informed Plaintiff that he wanted Plaintiff back at work. Smith told Plaintiff that she would be allowed to work while sitting. This demonstrates that the plant manager knew that Plaintiff's injury could be accommodated by being allowed to sit while at work.

10.

The human resources department apparently vetoed the plant manager's offer to accommodate Plaintiff by allowing her to work while sitting. HR representative Elaine Spain informed Plaintiff that she would have to be "fully recovered" before she could return to work. Spain stated that in order for Plaintiff to return to work, she would have to have "no restrictions." Contrary to the advice given to Plaintiff by Smith, Spain indicated that the company would not accommodate Plaintiff's disability.

11.

On January 6, 2021, Plaintiff had another conversation with plant manager Andy Smith. Contrary to what Spain had said, Smith stated that Plaintiff was going to be brought back to work since the company really needed her. Nevertheless, on January 15, 2021, a co-worker informed Plaintiff that she was being replaced by a lead person. The lead person does not have a disability. Plaintiff then called the personnel department, which confirmed that Plaintiff was not going to be allowed to return to work because Plaintiff did not have a "complete recovery." The lead person who replaced Plaintiff was unable to perform the job.

12.

By discharging Plaintiff and failing to provide Plaintiff a reasonable accommodation, Defendant has discriminated on grounds of Plaintiff's disability and Plaintiff's record of having had

a disability. Defendant could have accommodated Plaintiff's disability, as admitted by the plant manager, Andy Smith, who wanted to accommodate Plaintiff's disability. Defendant could have also accommodated Plaintiff's disability by allowing her to do her job from home, as she had done during her previous knee surgeries.

13.

Plaintiff has suffered lost income, mental anxiety, and stress as a result of Defendant's actions.

14.

Defendant's actions are willful, malicious, and outrageous such that punitive damages are due.

### REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 10th day of March, 2022.

LEYZENDA MICHELLE GUNN, Plaintiff

By: /s/ Jim Waide
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF ___Lee___

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named LEYZENDA MICHELLE GUNN, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____Leyzenda Michelle Gunn_____
LEYZENDA MICHELLE GUNN

GIVEN under my hand and official seal of office on this the __11th__ day of February, 2022.

(SEAL)

\# 50384
KAREN N. DEMPSEY
Commission Expires
Sept. 17, 2025
LEE COUNTY

_____Karen Dempsey_____
NOTARY PUBLIC

My Commission Expires: _____